# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONETTE BRADSHAW, an individual;<br><br>Plaintiff,<br><br>v.<br><br>GLATFELTER INSURANCE GROUP, a Pennsylvania corporation, PAUL FULLER, an individual, LORENA CONTRERAS, an individual, and DOES 1-50;<br><br>Defendants. | 1:08-CV-01898-OWW-SMS<br><br>MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS (DOC. 11) |

## I. INTRODUCTION.

This matter is before the court on a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Paul Fuller ("Fuller") and Lorena Contreras ("Contreras"). Defendants seek to dismiss the eighth cause of action for intentional infliction of emotional distress ("IIED") on the grounds that the factual allegations supporting Plaintiff's IIED claim describe only personnel management actions, which are insufficient to support a claim for IIED. Plaintiff opposes the motion.

On December 9, 2008, Plaintiff filed a complaint in the U.S. District Court, Eastern District of California, against the

Glatfelter Insurance Group ("Glatfelter"), Fuller, and Contreras. Plaintiff brings claims under Title VII and the California Fair Employment and Housing Act ("FEHA") for racial discrimination, discrimination based upon physical disability, discrimination based upon mental disability, wrongful termination, failure to investigate, and failure to maintain an environment free from harassment. (Doc. 2.) Plaintiff also brings a state law claim for IIED. Defendants Fuller and Contreras seek to dismiss the cause of action for IIED, Plaintiff's only claim against them.

## II. FACTUAL BACKGROUND.[1]

### A. The Parties

Plaintiff is an African American female employed by Defendant Glatfelter from 2005 to 2008. (Compl. ¶ 4.) Plaintiff was hired in 2005 as a receptionist, but was temporarily transferred to the company's underwriting department in August of 2007. (*Id.*)

Defendant Glatfelter is a Pennsylvania corporation with offices in Stockton, California. (*Id.* ¶ 5.) Defendants Fuller and Contreras were Plaintiff's supervisors during her employment at Glatfelter. (*Id.* ¶ 10.)

### B. Summary of Complaint

Plaintiff claims that she was discharged from Glatfelter in retaliation for complaints she made to her superiors on January 18, 2008. (*Id.* ¶ 16.) Specifically, Plaintiff alleges that she was

---

[1] The facts are taken from Plaintiff's Complaint. (See Pl.'s Compl. ("Compl."), filed December 9, 2008.)

**2**

dismissed for threatening to report an incident of harassment to Glatfelter's Human Resources Department. (*Id*. ¶ 10-12, 16.) Plaintiff further avers that a temporary transfer to underwriting services, a position for which she was unqualified and poorly trained, was a pretext for her dismissal. (*Id*. ¶ 11-13, 16.) Plaintiff claims that such "treatment and its surrounding circumstances constituted extreme and outrageous conduct" and "caused her severe emotional and physical distress." (*Id*. ¶ 59-60.)

1. <u>Harassment Allegations</u>

Plaintiff alleges that while working at Glatfelter she was harassed by a non African American temporary employee. (*Id*. ¶ 10.) Plaintiff states that she notified her supervisors, Fuller and Contreras, but they ignored her complaints. (*Id*.) Plaintiff alleges that Fuller and Contreras, who are not African American, allowed the harassment to continue and refused to take action against the temporary employee because Plaintiff is African American. (*Id*.)

2. <u>Transfer to Underwriting Services</u>

Plaintiff suffers from certain anxiety disorders that impair her functioning levels. (*Id*. ¶ 10.) Plaintiff asserts that her medical issues forced her to take a leave of absence in the summer of 2007. (*Id*. ¶ 11.) When Plaintiff returned to work in August of 2007, she was transferred from reception to underwriting services. (*Id*.) Plaintiff asserts that the position in underwriting services was exceedingly more stressful than her receptionist position and

was done to harass and induce her failure. (*Id.* ¶ 12.)

Plaintiff alleges that she was inadequately trained and unqualified for the position, which led to poor performance evaluations. (*Id.* ¶ 11-12.) Plaintiff alleges her supervisors knew she was unqualified and unhappy with the underwriting position and that her anxiety disorder was exacerbated by the added stress. (*Id.* ¶ 11-12, 16.) Plaintiff also states that her supervisors failed to accommodate her disability and chastised her for displaying physical manifestations of her prescription medication. (*Id.* ¶ 13.) Plaintiff claims the transfer was a pretext for dismissal as her supervisors knew the new position was more stressful and then reprimanded her when she was unable to perform at full capacity. (*Id.* ¶ 12.) This led directly to her termination. (*Id.*)

### 3. Complaints to Supervisors

During the course of her employment, Plaintiff complained to her supervisors about both the harassment and the transfer to underwriting. (*Id.* ¶ 16.) Specifically, Plaintiff states that she repeatedly complained about the temporary employee's harassment of her, but was ignored. (*Id.*) Plaintiff also claims that she told her supervisors that she was unqualified for the underwriting position and that the transfer had a negative effect on her disability. (*Id.* ¶ 13, 16.) Plaintiff states that no action was ever taken by Fuller, Contreras or any supervisor at Glatfelter. (*Id.* ¶ 16.)

On January 18, 2008, Plaintiff told her supervisors of her intent to inform Human Resources about the temporary employee's

harassment of her. (*Id.*) Plaintiff was terminated three days later, on January 21, 2008. (*Id.*)

### III. <u>STANDARD OF REVIEW</u>.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, it is required to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); *see also Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997) (issue is not whether plaintiff will ultimately prevail, but whether claimant is entitled to offer evidence to support the claim). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In deciding a motion to dismiss, the court accepts as true all material factual allegations in the complaint and construes them in the light most favorable to the plaintiff. *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir.2002).

The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States*

*Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir.1987). For example, matters of public record may be considered, including pleadings, orders, and other papers filed with the court or records of administrative bodies, see *Mack v. South Bay Beer Distributors*, Inc., 798 F.2d 1279, 1282 (9th Cir.1986), while conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001); *see also Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994) ("[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned."). Allegations in the complaint may be disregarded if contradicted by facts established by exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988. Thus when ruling on a motion to dismiss, the court may consider facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court may take judicial notice. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir.1988).

## IV. <u>DISCUSSION</u>.

**A.** <u>Intentional Infliction of Emotional Distress</u>.

Defendants argue that Plaintiff's eighth cause of action for IIED should be dismissed because the allegations against them do not constitute "extreme or outrageous conduct." (Def.'s Motion ("Mot."), pg. 3.) Rather, the facts asserted in support of Plaintiff's IIED claim describe only personnel management actions,

which are insufficient to support a claim for IIED.[2] (*Id.*)

The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Potter v. Firestone* 6. Cal. 4th 965, 1001 (1999); *Delfino v. Agilent Technology, Inc.*, 145 Cal. App. 4th 790, 808 (2006). For conduct to be extreme and outrageous, it must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Potter*, 6 Cal. 4th at 1001; *Delfino*, 145 Cal. App. 4th at 809.

California courts have held that the question of whether the conduct alleged in the complaint is sufficiently "extreme and outrageous" is generally a factual issue for the jury. *See Angie M. v. Superior Court*, 37 Cal. App. 4th 1217, 1226 (1995). However, California courts have also held that "[a] simple pleading of

---

[2] Defendants also argue that Plaintiff's IIED claim must fail because "Bradshaw has sued Glatfelter for discrimination under the FEHA, and she cannot circumvent that statute's limitation on personal liability by casting her claim as one for IIED." (Mot. Pg. 3, ln. 26-28.) Here, Plaintiff has alleged that Fuller and Contreras engaged in harassing conduct against her based on her race and disabilities. (Compl. ¶ 10-16.) Section 12940(j) of the FEHA, the subdivision prohibiting harassment, provides, "[A]n employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee [....]" This is clear language imposing personal liability on all employees for their own harassing actions. *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1162.

personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (1996).

Personnel management actions include:
> actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, [and] deciding who will be laid off.

*Id*. at 64-65. "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id*. at 80.

Defendants contend that the allegedly tortious behavior asserted by Plaintiff in her complaint falls within the ambit of personnel management actions, and therefore, precludes a claim of IIED. In support, Defendants cite *Janken v. GM Hughes Electronics* and state that "failing to respond to Bradshaw's harassment complaint, transferring her to a new position, disciplining her and discharging her – is all normal personnel management activity." (Mot. pg. 3.) Defendants also cite *Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1327-1328 (1996) for the proposition that deciding whether to investigate or take action on a complaint of harassment is a routine management decision. (*Id.* at pg. 3-4.)

Plaintiff neither addresses the cases cited by Defendants nor distinguishes the present circumstances from situations involving everyday management decisions. Rather, Plaintiff reiterates her conclusory allegations that Defendants intentionally allowed the harassment to continue and that their conduct was "extreme and

8

outrageous." (Pl.'s Opp. pg. 3.)

Courts have construed all of the actions alleged by plaintiff as personnel management actions. *See Janken* at 64-65 (finding that personnel management actions include "job or project assignments, [...] promotion or demotion, performance evaluations [...] [and] deciding who will and who will not attend meetings); *see also, Helgeson v. Am. Int'l Group, Inc.*, 44 F. Supp. 2d 1091, 1095 (S.D. Cal. 1999) ("Performance reviews, counseling sessions, lay-off decisions, and work assignments are all decisions that businesses make everyday [....] Even if these decisions were improperly motivated they fall far short of the necessary standard of outrageous conduct beyond all bounds of decency."); *Brooks v. City of Fremont*, 2008 U.S. Dist. LEXIS 40323, *12,*20-*23 (N.D. Cal. 2008) (finding a supervisor's decision not to investigate or take action on a complaint of racial harassment a "necessary personnel management action[s]."[3])

Viewed in the light most favorable to Plaintiff, her allegations fail to give rise to a colorable claim for IIED against

---

[3] In *Brooks*, Plaintiff, a police officer with the Fremont Police Department, filed a discrimination and harassment suit against the City and his supervisors. *Brooks*, 2008 U.S. Dist. LEXIS 40323. Plaintiff alleged that in 2002 he endured numerous racial comments and jokes, including comments of how fellow officers could avoid receiving citizen complaints when partnered with Brooks as the focus would be "on the big black officer." *Id.* at *3. Brooks immediately brought the remarks to the attention of his superiors and asked them to conduct an investigation. *Id.* at *3-*4. They refused. *Id*. In dismissing numerous claims, including IIED, the court cited *Jankin* and stated that "with the exception of race related comments and jokes [...] all of the conduct of which Brooks complains consists of commonly necessary personnel management actions." *Id.* at *12, *20-*22.

defendants Fuller and Contreras.  Plaintiff has not alleged any facts that give rise to a reasonable inference that Defendants' conduct was anything other than management-level decisions involving employee placement, workplace investigations, performance evaluations, and staffing.  Under *Jankin* and its progeny, such decisions are "personnel management decisions" and cannot be considered "extreme or outrageous" for purposes of establishing IIED liability.  If they were racially motivated, Plaintiff has a claim of relief for emotional distress and punitive damages under Title VII.  Because Plaintiff has failed to plead facts in her complaint to sufficiently support a theory of IIED, Defendants' motion to dismiss is GRANTED.

In their reply, Defendants argue that "[e]ven if Plaintiff tendered more than conclusory allegations against Defendants Fuller and Contreras, her IIED claim fails as a matter of law."  (Def. Reply pg. 3, ln. 12-17.)  As presently alleged, Plaintiff's claims against Fuller and Contreras focus exclusively on their duties as supervisors - conduct which is not actionable under an IIED theory. However, in her opposition, Plaintiff requests the opportunity to amend her pleadings.  Based upon the submissions and arguments of the Plaintiff in opposition to defendant's motion, the court does not find that leave to amend is futile, sought in bad faith, or would cause unnecessary delay.[4]  Subject to the limits of Rule 11

---

[4] Pursuant to Rule 15(a), "leave [to amend] is to be freely given when justice so requires."  "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  *Martinez v. Newport Beach*, 125 F.3d 777, 785 (9th Cir. 1997).

10

of the Federal Rule of Civil Procedure, Plaintiff's motion to amend the complaint is GRANTED.[5]

### IV. CONCLUSION.

Based on the above memorandum opinion, the Court ORDERS that:

1. Defendant's motion to dismiss Plaintiff's IIED claim is GRANTED WITH LEAVE TO AMEND.

Plaintiff shall file an amended complaint within ten (10) days following electronic service of this order.

IT IS SO ORDERED.

Dated: May 20, 2009          /s/ Oliver W. Wanger
                             UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff must comply with the requirements of Rule 11 if she amends.